IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMONT M. GIBSON, SR., KB-4779, )
    Petitioner, )
     )
    v. ) 2:16-CV-1306
     )
THERESA A. DELBALSO, Supt., )
    Respondent. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Lamont M. Gibson, Sr., for a writ of habeas corpus (ECF No. 3) be dismissed as time barred, and that because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Lamont M. Gibson, Sr., and inmate at the State Correctional Institution–Mahonoy has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Gibson is presently serving a five to ten year sentence imposed following his conviction upon a plea of guilty to charges of aggravated assault and simple assault at No. CP-02-CR-11057-2010 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on June 1, 2011.[1] From the docket sheet, and the petition, it would appear that a direct appeal was never filed. However, on September 20, 2011 Gibson filed a post-conviction petition which was denied on July 31, 2012 and no appeal was pursued.[2]

In the instant petition received on August 26, 2016, Gibson raises three claims of error allegedly committed by the post-conviction court when it permitted his counsel to withdraw while a meritorious issue existed.[3]

---

[1] See: Petition at ¶¶ 1-6 and the Docket Sheet of the Court of Common Pleas of Allegheny County, Pennsylvania, CP-02-CR-11057-2010, https://ujsportal.pacourts.us.
[2] Id.
[3] See: Petition at ¶12.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner pled guilty and was sentenced on June 1, 2011. Since no appeal was pursued, his conviction became final on July 1, 2011, when the time in which to appeal expired. Pa.R.App.P. 903; Gonzalez v. Thaler, 132 S.Ct. 641 (2012). His post-conviction petition was filed on September 20, 2011 and dismissed on July 31, 2012. No appeal was pursued and the instant petition was not received until august 26, 2016 or over four years later. For this reason, it is time barred unless a valid reason for equitable tolling is demonstrated. Holland v. Florida, 560 U.S. 631, 645 (2010). No such showing is made hear.

Accordingly, it is recommended that the petition of Lamont M. Gibson, Sr. for a writ of habeas corpus be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to

United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

                                              Respectfully submitted,
                                              s/ Robert C. Mitchell

Filed: August 31, 2016                        United States Magistrate Judge